Gilbert R. Yabes (SBN 267388)
gyabes@aldridgepite.com
Joseph C. Delmotte (SBN 259460)
jdelmotte@aldridgepite.com
**ALDRIDGE PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for
U.S. Bank National Association, as Trustee for
LEHMAN XS TRUST MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES 2006-18N

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>RICHARD E STANTON,<br><br>Debtor. | Case No. 8:18-bk-11453-ES<br><br>Chapter 13<br><br>**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**<br><br>341(a) MEETING:<br>DATE: May 22, 2018<br>TIME: 2:00 PM<br>PLACE: RM 1-154, 411 W Fourth St., Santa Ana, CA 92701<br>CONFIRMATION HEARING:<br>DATE: June 19, 2018<br>TIME: 1:30 PM<br>CTRM: 5A |

U.S. Bank National Association, as Trustee for LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-18N[1] (hereinafter "Creditor"), secured creditor of the above-entitled debtor, Richard E Stanton (hereinafter "Debtor"), hereby objects to the Chapter 13 Plan filed by Debtor in the above-referenced matter. The objection is based on Creditor's Proof of

---

[1] This Objection to Confirmation of Chapter 13 Plan shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Aldridge Pite, LLP's participation in this proceeding. Moreover, the within party does not authorize Aldridge Pite, LLP, either expressly or impliedly through Aldridge Pite, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

Claim No. 2 and the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing.

### 1) STATEMENT OF FACTS

1. Creditor's claim is evidenced by a promissory note executed by Debtor Richard Stanton (collectively the "Borrower"), and dated August 21, 2006, in the original principal sum of $561,600.00 (the "Note"). A copy of the Note is attached to Creditor's proof of claim no. 2 as filed on the Court's claims register ("CCR") in the instant bankruptcy case and incorporated herein by reference.

2. The Note is secured by a deed of trust (the "Deed of Trust[2]") encumbering the real property commonly known as 136 North A Street, Tustin, CA 92780 (the "Subject Property"). A copy of the Deed of Trust is attached to Creditor's proof of claim no. 2 as filed in the instant bankruptcy case and incorporated herein by reference.

3. Subsequently, the Note was indorsed in blank thereby converting the Note to a bearer instrument. Creditor, directly or through an agent, is in possession of the original promissory note indorsed in blank. See CCR, Claim No. 2.

4. On April 23, 2018, Debtor filed the instant Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, and was assigned case number 8:18-bk-11453-ES.

5. On May 23, 2018, Creditor filed its proof of claim (the "Proof of Claim") secured by the Subject Property with a total outstanding balance in the amount of $836,766.60, and a pre-petition arrearage claim of $105,701.49. See CCR Claim No. 2.

### 2) ARGUMENT

**A. DEBTOR'S CHAPTER 13 PLAN CANNOT BE CONFIRMED AS PROPOSED.**

The provisions of 11 United States Code ("US.C.") Section 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan. The burden is on the debtor to demonstrate that the plan

---

[2] The Note and Deed of Trust are collectively referred to herein as the "Subject Loan."

-2-    CASE NO. 8:18-bk-11453-ES
**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

meets the conditions essential for confirmation. Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren), 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988). For the reasons detailed herein, the Debtor fails to meet this burden.

1. **Debtor's Chapter 13 Plan Cannot Be Confirmed Because it Does Not Provide for the Full Value of Creditor's Claim.**

11 U.S.C. Section 1325(a)(5)(B)(ii) requires a debtor's Chapter 13 Plan to distribute at least the allowed amount of a creditor's secured claim. See 11 U.S.C. § 1325(a)(5)(B)(ii). Furthermore, the requirement that a debtor provide for the full value of a creditor's secured claim is mandatory for plan confirmation. See Barnes v. Barnes (In re Barnes), 32 F.3d 405, 407 (9th Cir. 1994); see also In re Lucas, 3 B.R. 252, 253 (Bankr. S.D. Cal. 1980)("In order to confirm any Chapter 13 Plan, the court must be satisfied…that the plan meets all the requirements of § 1325(a)."). The burden lies with the debtor in demonstrating compliance with section 1325(a). Chinichian v. Campolongo (In re Chinichian), 784 F.2d 1440 (9th Cir. 1986).

The Debtor's Plan cannot be confirmed as proposed because it fails to properly provide for the cure Creditor's pre-petition arrears. As previously discussed, Creditor's claim for pre-petition arrears is in the total amount of $105,701.49. See CCR, Claim No. 2. However, the Debtor's Chapter 13 Plan fails to provides for the cure of only $104,192.39. As the Debtor's Plan fails to provide for a cure of Creditor's pre-petition arrears, it fails to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii) and cannot be confirmed as proposed.

2. **Debtor's Chapter 13 Plan Cannot Be Confirmed Because It Does Not Promptly Cure Creditor's Pre-Petition Arrears as Required Under 11 U.S.C. § 1322(b)(5).**

Section 1322(b)(5) of the Bankruptcy Code provides for the curing of any default on a secured or unsecured claim on which the final payment is due after the proposed final payment under the plan. Creditor's secured claim consists of $105,701.49 in pre-petition arrears, however, Debtor's Plan provides for the cure of only $104,192.39 in arrears. Debtor will have to increase their monthly payment through the Chapter 13 Plan to Creditor to approximately $1,761.70 in order to cure Creditor's pre-petition arrears over a period not to exceed sixty (60) months. As the Debtor's Plan fails to promptly cure Creditor's pre-petition arrears, it cannot be confirmed as proposed.

WHEREFORE, Creditor respectfully requests:

i) That confirmation of the Debtor's Chapter 13 Plan be denied;

ii) That Debtor's case be dismissed;

iii) Alternatively, that the Plan be amended to provide for the pre-petition arrears listed in Creditor's Proof of Claim to be paid within a period not to exceed sixty (60) months; and

iv) For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: 6/1/2018

ALDRIDGE PITE, LLP

By: _____
*Gilbert R. Yabes*
GILBERT R. YABES (SBN 267388)
Attorneys for U.S. Bank National Association, as Trustee for LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-18N

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4375 Jutland Drive, Suite 200  P.O. Box 17933  San Diego, CA 92177-0933

A true and correct copy of the foregoing document entitled (*specify*): <u>Objection to Confirmation</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>June 4, 2018</u>  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Chapter 13 Trustee:** Amrane (SA) Cohen (TR)  efile@ch13ac.com
**U.S. Trustee:** ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.** <u>**SERVED BY UNITED STATES MAIL**</u>:
On (*date*) June 4, 2018  I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Debtor:**
Richard E Stanton
136 N A St
Tustin, CA 92780

**Presiding Judge:**
Honorable Erithe A. Smith
Central District of California (Santa Ana)
United States Bankruptcy Court
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5040 / Courtroom 5A
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3.** <u>**SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served)</u>: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 4, 2018 | CIARA M. REBOYA | /s/ CIARA M. REBOYA |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**